IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FYR SFR BORROWER, LLC, | : | CIVIL ACTION NO. |
| | : | 1:25-CV-5833-WMR-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAMANTHA HANNAH HARDY, *et al.*, | : | |
| | : | **ORDER AND FINAL REPORT** |
| Defendants. | : | **AND RECOMMENDATION** |

Defendant Samantha Hardy,[1] proceeding *pro se*, seeks leave to remove this action from the Magistrate Court of Clayton County and seeks to do so *in forma pauperis,* without prepaying applicable fees and costs, under 28 U.S.C. § 1915(a)(1). Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] ("Application") is incomplete and leaves blank, for example, questions about next month's income. *See* App. [1] ¶ 1. Defendant also indicates that Defendant's Spouse earned, on average, $992 per month over the last twelve months, but also indicates that Spouse does not have employment history for the last two years. *See id*. at ¶¶ 1, 3. Defendant does not explain how Defendant covers monthly expenses of over $3,000 with monthly income of $992, although it appears that

---

[1] While the Notice of Removal [1-1] pertains to "Samantha Hannah Hardy, Sean Corey Arnold, Charles Freeman, And all others," the Application [1] appears to be signed and submitted only by "Sam Hardy." *See* Notice of Removal [1-1] at 1, 3; Application [1] at 1.

either Defendant or Spouse suffered loss of employment at some point. *See id*. at ¶¶ 1, 8, 11.

In this case, however, it would be futile to ask for more information because, as explained below, this case would be subject to remand in any event based on a lack of jurisdiction. Thus, the Court **GRANTS** Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] for purposes of reaching the question of jurisdiction.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's Notice of Removal [1-1] to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant contends that this Court has jurisdiction over this action broadly under the Fourteenth Amendment's Due Process Clause. *See* Notice of Removal [1-1] at 2. Defendant also alleges that "Respondent did violate 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure; and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." Notice of Removal [1-1] at 2.

2

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

The Court has reviewed the record and determined that Defendant has not established federal question jurisdiction under 28 U.S.C. § 1331 such that removal would be proper. Defendant's Notice of Removal does not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. Rather, Plaintiff has brought a dispossessory action against Defendant in the Magistrate Court of Clayton County as a tenant for a failure to pay rent. *See* Notice of Removal [1-1] and attachments. A dispossessory or eviction action is a proceeding governed by state law which does not typically implicate federal law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Defendant has not identified any federal question raised in this dispossessory action that would allow removal to this Court under 28 U.S.C. § 1441. Therefore, removal

under the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides courts with jurisdiction over claims related to those over which the district court has original jurisdiction, also does not apply.

The assertion of counterclaims or defenses under federal law, whether they raise a federal question or not, is not a valid basis for removal. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Citimortgage*, 705 F. Supp. 2d at 1381 ("If a federal question is not presented on the face of the complaint, 'it is no substitute that the defendant is almost certain to raise a federal defense.' Thus, it is immaterial that [defendant] alleges that his constitutional rights have been violated." (quoting *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961))); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Regardless, Defendant's other counterclaims have no merit. Defendant asserts that "Respondent[2] did violate 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure; and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6."

---

[2] It is unclear whether Defendant here refers to the Plaintiff, or the Magistrate Court of Clayton County itself. In the Notice of Removal [1-1] Defendant at one point states the "Magistrate Court of Clayton County Dispossessory is Unconstitutional." Notice of Removal [1-1] at 2, ¶ 3.

Notice of Removal [1-1] at 2. However, 15 U.S.C. § 1692 sets forth only "Congressional findings and declaration of purpose" regarding Debt Collection Practices pertaining to consumer debts. *See* 15 U.S.C. §§ 1692 *et seq*. Defendant has not alleged any specific facts to show any violation of a law regarding collection of a debt.

Defendant's assertion that any party violated "Rule 60 of the federal Rule of Civil Procedure" is further unsupported by the facts alleged in the Notice of Removal [1-1] and its attachments. Rule 60 provides that a court may relieve a party from a final judgment or order for several enumerated reasons. *See* Fed. R. Civ. P. 60. However, there is no evidence that there is a final order or judgment in this case from either this Court or the Magistrate Court of Clayton County. Therefore, there is no adjudication or order from which this Court can grant relief.

Finally, while Defendant argues that Georgia Code Section 51-1-6 creates a "legal duty to abort eviction," Defendant is incorrect. Georgia Code Section 51-1-6 instead provides for the recovery of money damages in tort following breach of duty towards another. *See* O.C.G.A. § 51-1-6. While Defendant appears to state that either the Magistrate Court of Clayton County or Defendant's landlord, the Plaintiff, has a "legal duty to abort eviction," no such legal duty exists.

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal

5

to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). In this case, Defendant states that he or she is a resident of Jonesboro, Georgia, and does not allege citizenship in any other state. *See* App. [1] ¶ 12. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Clayton County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 14th day of October, 2025.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE